1  MICHAEL BARNES (State Bar No. 121314)
   SONIA MARTIN (State Bar No. 191148)
2  STEPHANIE DUCHENE (State Bar No. 234896)
   SONNENSCHEIN NATH & ROSENTHAL LLP
3  685 Market Street, 6th Floor
   San Francisco, CA 94105
4  Telephone: (415) 882-5000
   Facsimile:  (415) 543-5472
5  Email:      mbarnes@sonnenchein.com
               smartin@sonnenschein.com
6              sduchene@sonnenschein.com

7  Attorneys for Defendants
   ALLSTATE INSURANCE COMPANY
8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12 | GAIL TABACK; EUGENE TABACK      | No. C05 04057 MEJ
13 |       Plaintiffs,               |
14 | vs.                             | CONFIDENTIALITY AGREEMENT AND
                                     | STIPULATED PROTECTIVE ORDER
15 | ALLSTATE INSURANCE COMPANY;     |
   | FRED HECKENDORN; DOES 1 through |
16 | 20, inclusive,                  |
17 |       Defendants.               |

18

19

20     WHEREAS, during the course of discovery in the above-captioned litigation (the

21 "Action"), the parties agreed to produce certain documents and information that constitute or

22 contain confidential information (hereinafter "Confidential Material"); and

23     WHEREAS, the parties desire to protect the confidential nature of all Confidential

24 Material or information derived therefrom (also hereinafter included in the term "Confidential

25 Material"); and

26     WHEREAS, the parties have agreed or may agree in the future to furnish certain

27 documents constituting or containing Confidential Material subject to this Confidentiality

28

                                  -1-
CASE NO. C05 04057 MEJ                      CONFIDENTIALITY AGREEMENT AND
                                            STIPULATED PROTECTIVE ORDER

Agreement and Stipulated Protective Order ("Stipulated Protective Order") without waiving any legal right or privilege relating to the confidentiality of such Confidential Material; and

In accordance with the stipulation of the parties and for the purpose of preserving the confidentiality of documents and information that constitute or relate to personal, private or confidential business information;

IT IS HEREBY AGREED that a protective order shall be entered in this Action that shall apply as follows to all Confidential Material, whether contained or referenced in documents, deposition testimony, responses to interrogatories, document requests, or requests for admission, affidavits, or declarations; in copies, extracts, and summaries (complete or partial) prepared from such documents, or in copies of any of the foregoing:

1. As used herein, the words "document" or "documents" shall include any "writing" as that term is defined in California Evidence Code § 250, including both "originals" and "duplicates" of any original writing.

2. Any party, through its counsel, may designate any document specified in this Order, or portion thereof, as Confidential Material by marking each page so designated, at the time when it is first produced, served, or otherwise disclosed, with the legend "CONFIDENTIAL."

3. Any party may subsequently de-classify materials that the party previously designated as "CONFIDENTIAL."

4. Any deposition testimony in this litigation, or any portion thereof, may be designated as Confidential Material by any party, or by any deponent not employed by any party, before or at the time of the deposition by the party's counsel or by the deponent in accordance with the following procedure:

(a) Such designation shall be made by letter or orally to all counsel.

(b) If the other party objects to designation of any material as confidential, the party requesting confidentiality shall have the burden of moving for the appropriate protective order. The non-moving party shall maintain confidentiality of the material for sixty days after the

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

1   deposition, and if a motion is filed within that period, until the Court rules on the motion. If no
2   motion is filed and served within sixty days, then the material will not be deemed confidential.

3       5.    Any document or other material designated by a party as Confidential Material
4   shall not be used for any purpose except in connection with the prosecution or defense of this
5   Action (including any appeal) and may be disclosed only to the following persons for the sole
6   purpose of prosecution or defense of this Action:

7       (a)    the parties to this Action who agree to the terms of this Stipulated Protective Order;

8       (b)    counsel of record for the parties to this Action and employees of such counsel who
9   are assisting counsel in the preparation of this Action for trial;

10      (c)    independent experts or consultants retained by counsel of record to assist in the
11  preparation of this Action for trial, pursuant to paragraph 6 of this Stipulated Protective Order,
12  but only to the extent such persons need such Confidential Material for that preparation;

13      (d)    any person from whom testimony is taken or is to be taken in this Action, pursuant
14  to paragraph 6 of this Stipulated Protective Order, except that such person may only be shown
15  Confidential Material to the extent necessary for preparation of that person's testimony;

16      (e)    judicial officers, jurors, and Court personnel (including stenographic reporters
17  employed by the Court) (The parties need not obtain the signature of these persons to Exhibit A;
18  the parties need only request that the court instruct these persons that the documents and
19  information marked as Confidential Material may not be disclosed outside of this litigation);

20      (f)    stenographic reporters not employed by the Court who are reporting deposition
21  testimony in this Action, and their employees and agents who are assisting them for that
22  purpose; and

23      (g)    any other person under such terms as may be agreed upon by the parties in writing
24  or as the Court may hereafter order.

25      6.    As a prerequisite to disclosing Confidential Materials to any person identified in
26  paragraph 5(c), (d) and (g), the person to whom the Confidential Materials are to be disclosed
27  must first execute a document in which they agree to be bound by the terms of the Stipulated
28  Protective Order, a copy of which is attached hereto as Exhibit A.

-3-

CASE NO. C05 04057 MEJ                    CONFIDENTIALITY AGREEMENT AND
                                          STIPULATED PROTECTIVE ORDER

7. Whenever any Confidential Material is submitted to the Court or used in connection with any filing or proceeding in this Action, such document shall be submitted under seal unless the party whose document or information to be submitted has consented in writing to the disclosure or unless the Court otherwise directs. The manner in which confidential documents or information may be handled and disclosed in the course of the trial hereof shall be determined by the Court at the pre-trial conference. **ALL DOCUMENTS MUST COMPLY WITH L.R. 79-5**

8. Confidential Material may be disclosed to and discussed with the persons identified in paragraph 5(c), (d), (f), and (g) only if, prior to any disclosure or discussion of Confidential Material, the party or the party's counsel shall inform each such person of the existence of this Protective Order and instruct that such person respect its provisions.

9. Counsel receiving Confidential Material shall not make more copies of such Confidential Material than counsel deems reasonably necessary for the prosecution or defense of this Action. All copies of Confidential Material shall be kept and stored in a manner which counsel deems reasonably calculated to preserve confidentiality.

10. Upon termination of this Action (including any appeals, any satisfaction of judgment, or any settlement of the Action), all copies of Confidential Material, including all copies in the possession of experts and consultants, shall be returned by the counsel receiving such Confidential Material to the counsel or the party who produced or provided it. Counsel for the parties may retain any legal memoranda or opinion letters that contain references to or information extracted from Confidential Material; however, the confidentiality of any such memoranda or letters is to be protected in accordance with the terms of this Stipulated Protective Order.

11. The provisions of this Stipulated Protective Order, insofar as they relate to the communication and use of Confidential Material, shall continue in effect after the conclusion of this Action and until further order of the Court or agreement by the parties in writing.

12. If any dispute arises about whether a document constitutes Confidential Material, the parties will try to resolve the dispute informally. If informal resolution is not possible, the

party asserting confidentiality of the document will bring a motion to have the document designated as Confidential Material with notice to all parties and upon a showing of good cause.

13. This Stipulated Protective Order may be modified by written agreement of the parties or by order of the Court. Any such agreement by the parties shall be filed in this Action.

14. By entering into this Stipulation, no party waives any right it may have to object to any discovery on the grounds of privacy, confidentiality, or privilege, or to withhold information or documents from discovery on such grounds.

15. This Stipulated Protective Order is a binding and enforceable agreement of the Parties, even if the court declines to enter it as an Order of the Court.

IT IS SO STIPULATED.

Dated: May 25, 2006               LAW OFFICE OF MICHAEL PAPUC

                                  By _____
                                         MICHAEL A. PAPUC

                                  Attorney for Defendants
                                  GAIL AND EUGENE TABACK


Dated: May 25, 2006               SONNENSCHEIN NATH & ROSENTHAL LLP


                                  By _____
                                         SONIA MARTIN

                                  Attorneys for Defendant
                                  ALLSTATE INSURANCE COMPANY

1
2
3       The enclosed Stipulated Protective Order is hereby entered as an Order of this Court.
4   IT IS SO ORDERED.
5
6   Dated: May 30 , 2006
7
8   **THE PARTIES ARE TO NOTE THAT NO DOCUMENT MAY BE FILED UNDER SEAL EXCEPT PURSUANT TO A COURT ORDER.** *SEE* **L.R. 79.5.**
9                                              By_____
10                                                   HON. MARIA-ELENA JAMES

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — Signature of Judge Maria-Elena James]*

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

CASE NO. C05 04057 MEJ                  -6-                  CONFIDENTIALITY AGREEMENT AND
                                                              STIPULATED PROTECTIVE ORDER

## EXHIBIT A

I hereby acknowledge that I have received and read a copy of the Confidentiality Agreement and Stipulated Protective Order in the action entitled *Taback v. Allstate Insurance Company et. al.*, United States District Court for the Northern District of California, case number C05 04057 MEJ. I agree to be bound by the provisions of the Confidentiality Agreement and Stipulated Protective Order with respect to any "Confidential Material" disclosed to me, and I specifically agree that I will not communicate, reveal, or use any "Confidential Material" except in accordance with the terms of the Confidentiality Agreement and Stipulated Protective Order. I further agree to return any Confidential Material provided to me and all copies thereof to the party or counsel who provided such Confidential Material to me.

I hereby submit to the jurisdiction and venue of the United States District Court for the Northern District of California for all purposes relating to the enforcement of the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2006, at _____.

(city, state)

_____
Signature

_____
Name