IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL TABACK; EUGENE TABACK, | No. C-05-4057 MEJ |
| Plaintiffs, | **DISCOVERY DISPUTE** |
| vs. | |
| ALLSTATE INSURANCE COMPANY; FRED HECKENDORN; et al., | |
| Defendants. | |

On July 24, 2006, the parties submitted a joint discovery dispute letter regarding two issues. First, whether Allstate may question plaintiff Eugene Taback in deposition about the events underlying the fire. Second, whether Mr. Taback must undergo a mental examination. After careful consideration of the parties' papers and oral arguments, the applicable statutory and case law authorities, and good cause appearing, the court hereby issues the following order.

**I. Scope of Eugene Taback's Deposition**

Mr. Taback was scheduled for a deposition on June 30, 2006. (July 24, 2006 Joint Letter "J.L." at 1.) On June 28, 2006, Plaintiffs' counsel informed Allstate that Mr. Taback was suffering from a mental health crisis and was not competent to give testimony and would not be able to appear for his deposition. *Id*. According to Mrs. Taback's deposition testimony, Mr. Taback drove to a bridge and considered jumping off. *Id*. Although Mr. Taback has not sought professional

psychological help and is reluctant to do so, he confided in a neighbor, Terry Meyers, who is a licensed psychologist. *Id*. at 1-2; Decl. of Terry Meyers ¶ 5.  According to Mrs. Meyers, Mr. Taback has had multiple traumatic events in the past two and half years. (Decl. of Terry Meyers ¶ 3.)  Mr. Taback is struggling with depression over the loss of his job and with the loss of his home in the fire. *Id*.  He is experiencing post-traumatic stress disorder due to the stress of the legal proceedings, anticipation of videotape deposition, and retelling of the details surrounding the fire. *Id*.

After the attorneys met and conferred on the matter, Mr. Taback is willing to undergo a deposition if he is not questioned about the events that occurred on the day of the fire. (J.L. at 2.) Allstate argues that it is entitled to explore whether and to what extent Mr. Taback's emotional condition is the result of the fire and his memory of the fire, as opposed to Allstate's alleged delay in Plaintiffs' claim. *Id*. According to Plaintiffs' attorney, Mr. Taback may be asked about the events that occurred after the fire, including efforts to rebuild his home, the amount of the home, and the personal property claims. *Id*. As for the emotional distress claim, Mr. Taback may answer questions relating to his loss of job, and events that occurred after the fire that caused him emotional distress. *Id*. However, asking Mr. Taback to relive the fire may push him over the edge. *Id*.

The court agrees with Allstate.  Mr. Taback has placed his mental state at issue by seeking damages for emotional distress resulting from Allstate's alleged actions.  Although Mr. Taback agrees to be deposed, the court is unwilling to limit Allstate's ability to depose him on matters that are directly related to his allegations and suit.  Allstate is entitled to explore whether Mr. Taback's emotional condition is the result of the fire and his memory of the fire, as opposed to Allstate's alleged actions. Therefore, the court hereby ORDERS Mr. Taback to submit to a deposition, where he can be questioned about the events that occurred on the day of the fire.

Lastly,  Mrs. Meyers suggests that if Mr. Taback is to be deposed, he should not be videotaped, Mrs. Taback should be present, and Mr. Taback should be scheduled on a date that would allow Mrs. Meyers to see Mr. Taback immediately following the deposition.  Allstate has no objection to these requests. (*See* Allstate's Response to Plaintiffs' Opposition.)

## II. Mental Examination

In light of Mr. Taback's emotional distress claim, Allstate has retained Margo M. Leahy, M.D., a board-certified psychiatrist, to examine Mr. Taback and assess his alleged emotional injuries. (J.L. at 3-4.) The proposed examination would consist of a three-hour standard psychiatric interview with Dr. Leahy and would also include a mental status examination. *Id*. at 4. Allstate believes this assessment and examination is necessary because Mr. Taback is seeking special damages for emotional distress, which is in excess of $500,000. *Id*. Mrs. Taback testified that her husband continues to suffer severe depression and has contemplated suicide twice in the last several weeks. *Id*. Since Mr. Taback has placed his mental condition in controversy by claiming Allstate's handling of his claim caused him to contemplate suicide and suffer depression, Allstate claims to be entitled to test his claim through a mental examination as set forth under Rule 35. *Id*.

Federal Rule of Civil Procedure 35(a) permits a court to compel a party to submit to a mental examination by a suitably licensed or certified examiner when that party's mental condition is in controversy. Fed. Rule. Civ. Pro. 35(a)  The order may be made only on motion for good cause shown, and notice to the person to be examined and all parties, specifying time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. *Id*. Here, Mr. Taback is seeking damages for emotional distress. According to Mrs. Meyers, Mr. Taback has had multiple traumatic events in the past two and half years. (Decl. of Terry Meyers ¶ 3.)  Mr. Taback is struggling with depression over the loss of his job and with the loss of his home in the fire. *Id*. He is experiencing post-traumatic stress disorder due to the stress of the legal proceedings, anticipation of videotape deposition, and retelling of the details surrounding the fire. *Id*. Based on the information provided to the court, it appears that Mr. Taback is experiencing some type of emotional disturbance. It appears that Allstate has met its burden by showing that Mr. Taback's mental condition is in controversy. Allstate is entitled to explore whether the emotional distress stems from their alleged action or other stressful events that occurred in Mr. Taback's life. Therefore, the court finds good cause exists for the examination.

Plaintiffs, however, claim that Mr. Taback cannot be subjected to a mental examination

because he is no longer a party to the suit. For support, Plaintiffs rely on Fed. Rule. Civ. Pro. 35 and *Scharf v. United States Attorney General* (9th Cir. 1979) 597 F.2d 1240, 1243-1244.

In *Scharf v. United States Attorney General* (9th Cir. 1979), a father brought suit for declaratory judgment of United States citizenship under the Immigration and Nationality Act for his minor daughter who was born in Mexico. *Id*. at 1242. Under Rule 35, the government sought blood samples from both parents for paternity purposes. *Id*. at 1243. The appellate court held that the court's authority to order a physical examination under Rule 35 was limited to the minor child only. *Id*.

Rule 35 provides for an extension of the rule to apply to a parent or guardian who is suing to recover for injuries. *See Scharf v. U.S. Attorney General* at 1244. The Advisory Committee Notes of Rule 35 states "the amendment will settle beyond doubt that a parent or guardian suing to recover for injuries to a minor may be ordered to produce the minor for examination. (Advisory Committee Notes, 1970 Adoption.) The *Scharf* court acknowledged this extension and limited its application. *See Scharf v. U.S. Attorney General* at 1244. "It is intended to apply where a parent or guardian is suing to recover for injuries to a minor." *Id*. Here, the parties have stipulated to dismiss Mr. Taback from the suit. However, Mr. Taback has assigned all his rights to Mrs. Taback. In effect, Mrs. Taback is seeking damages on Mr. Taback's behalf. Rule 35 equally applies to guardians. Mrs. Taback is acting as Mr. Taback's guardian because she is seeking damages on his behalf. Therefore, the court finds that *Scharf* is inapplicable to the case at hand. Furthermore, nowhere in Rule 35 does it state that Mr. Taback cannot be subjected to a mental examination. The court finds that the extension of Rule 35 applies.

**CONCLUSION**

The court hereby ORDERS the following:

1.) Mr. Taback to submit to a deposition, where he can be questioned about the events that occurred on the day of the fire.

2.) Mr. Taback's deposition should not be videotaped.

3.) Mrs. Taback shall be allowed to accompany Mr. Taback to his deposition.

4.) The parties shall work together to ensure Mrs. Meyers is available to see Mr. Taback immediately following the deposition.

5.) Mr. Taback shall submit to a mental examination. Allstate is entitled to use a suitably licensed or certified examiner to conduct the examination.

**IT IS SO ORDERED.**

Dated: September 14, 2006

MARIA-ELENA JAMES
United States Magistrate Judge